```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-20308-Civ-SEITZ
                                       (04-20285-Cr-SEITZ)
                              MAGISTRATE JUDGE P. A. WHITE
```

NICKY MARTINEZ,              :

     Movant,               :

v.                           :          REPORT OF
                                     MAGISTRATE JUDGE
UNITED STATES OF AMERICA,    :

     Respondent.           :
_____

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his convictions and sentences for attempted possession with intent to distribute five kilograms or more of cocaine and felon in possession of a firearm and ammunition entered following a guilty plea in case no. 04-20285-Cr-Seitz.

The Court has reviewed the motion with supporting memorandum and exhibits, the government's response with multiple exhibits, the movant's reply, the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

Construing the movant's arguments liberally as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to raise the following claims:

    1.   His conviction and sentence for felon in possession of a firearm and ammunition should be vacated in light of the Supreme Court's clarification of the term "use" of a firearm. (Cv-DE#1:5; Cv-DE#3:10).

      2.    He is actually innocent of the offense of felon in possession of a firearm and ammunition. (Cv-DE#3:7-8).

It should be noted that the claims, as listed above, could have been, but were not raised on direct appeal. Notwithstanding, construing the argument made by the movant in support thereof, he appears to argue that counsel was ineffective for failing to pursue the claim either at sentencing or on direct appeal. A claim of ineffective assistance of counsel may constitute cause for failure to previously raise the issue. United States v. Breckenridge, 93 F.3d 132 (4 Cir. 1996). Attorney error, however, does not constitute cause for a procedural default unless it rises to the level of ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984); Murray v. Carrier, 477 U.S. 478, 488 (1986). Thus, each claim will be identified and treated in turn in this Report, *infra*.

## Procedural History

The procedural history of the underlying criminal case reveals that the movant was charged by Indictment with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §841(b)(1)(A) and §841(a)(1), and 21 U.S.C. §846 (Count 1), attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §841(b)(1)(A) and §841(a)(1), 21 U.S.C. §846, and 18 U.S.C. §2 (Count 2), conspiracy to unlawfully obstruct, delay, and affect interstate commerce by means of robbery, in violation of 18 U.S.C. §1951(a), §1951(b)(1), and §1951(b)(3) (Count 3), attempted unlawful obstruction of interstate commerce by means of robbery, in violation of 18 U.S.C. §1951(a), §1951(b)(1), and §1951(b)(3) (Count 4), conspiracy to possess a firearm in furtherance of a crime of violence and drug trafficking crime, in violation of 18

U.S.C. §924(c)(1)(A) and 18 U.S.C. §924(o) (Count 5), using and carrying a firearm and ammunition in furtherance of a crime of violence and drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A) and 18 U.S.C. §2 (Count 6), and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1) (Count 8). (Cr-DE#18).

Pursuant to the terms of a written plea agreement, the movant agreed to plead guilty to Counts One and Six of the Indictment. (Cr-DE#64). The movant further agreed that the sentence would be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements, after the court considered the results of a PSI, and acknowledged that the court could depart from the guideline range. (Id.:1-2). The movant also acknowledged that the court must impose a minimum of 15 years and may impose a maximum of up to life in prison for the offenses of conviction. (Id.:2). The movant further agreed that the court could impose up to life of supervised release, a maximum fine of $4,000,000.00, and a $200.00 special assessment. (Id.).

In exchange, the government agreed to dismiss all remaining counts after sentencing, and to recommend up to a three level reduction in the movant's base offense level based on his timely acceptance of responsibility. (Id.:1,3).

Prior to sentencing, a PSI was prepared which reveals as follows. Pursuant to U.S.S.G. §3D1.1(a)(1), when a defendant is convicted of more than one count, the counts are grouped together by applying U.S.S.G. §3D1.2. Nevertheless, pursuant to U.S.S.G. §3D1.1(b), Count 6 is excluded from the application of the grouping rules because the statute, 18 U.S.C. §924(c)(1)(A), requires a consecutive term of imprisonment. (PSI ¶25). Pursuant to U.S.S.G. §2D1.1(c)(3), the movant's base offense level was set at 34 because

3

the offense involved at least 15, but less than 30 kilograms of cocaine. (PSI ¶26).

However, according to U.S.S.G. §4B1.1(a), the movant was considered a career offender because he was at least 18 years old at the time of the offenses of conviction, the instant offenses are felony offenses involving both a crime of violence and a controlled substance offense, and the movant had at least two prior convictions for crimes of violence. (PSI ¶32). Thus, the base offense level was increased to a level 37 pursuant to U.S.S.G. §4B1.1(b). (PSI ¶32). Three levels were then deducted, pursuant to U.S.S.G. §3E1.1(a), based on the movant's timely acceptance of responsibility, resulting in a total adjusted offense level 34. (PSI ¶35).

The probation officer next determined that the movant had a total of 7 criminal history points, resulting in a criminal history category IV. (PSI ¶44). The criminal history points were of no import, however, because a career offender's criminal history category in every case is a category VI, pursuant to U.S.S.G. §4B1.1. (PSI ¶44). The minimum statutory term of imprisonment for violation of 21 U.S.C. §841(b)(1)(A), as charged in Count 1, is 10 years, and the maximum is life in prison. (PSI ¶76). As to Count 6, the statute requires a minimum of 5 years and a maximum of life, to run consecutive to any other term of imprisonment. (Id.). However, based on a total offense level 34 and a criminal history category VI, the movant's advisory guideline range was determined to be 262 to 327 months in prison as to Count 1, and as to Count 6, a minimum mandatory five year term of imprisonment to run consecutive to any other term of imprisonment. (PSI ¶77).

On January 6, 2005, the movant was sentenced to a term of 235 months in prison as to Count 1, and a consecutive 60 months in

prison as to Count 6, followed by a total of 5 years supervised release. (Cr-DE#77). The movant filed a notice of appeal. (Cr-DE#81). While his appeal was pending, appellate counsel filed a motion for temporary relinquishment of jurisdiction to the trial court for reconsideration of the movant's sentence in light of the then recent Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). (Cr-DE#112). The Eleventh Circuit construed the motion as one for summary reversal, granting the motion, vacating the movant's sentence, and remanding the case for a new sentencing hearing. (Id.).

On June 28, 2005, the movant was resentenced to a term of 135 months in prison as to Count 1, and a consecutive 60 months in prison as to Count 6, followed by a total of 5 years supervised release. (Cr-DE#119). The Amended Judgment was entered by the Clerk on June 30, 2005. (Id.). No direct appeal appears to have been filed. Thus, the judgment of conviction in the underlying criminal case became final at the latest on July 14, 2005, when time expired for filing a notice of appeal, ten days following the entry of the amended judgment.[1] This motion to vacate was filed at the earliest in January 2007, almost two years after his conviction became final, or at the latest on January 28, 2008, close to three years after his conviction became final.[2]  (Cv-DE#1).

---

[1] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

[2] The movant signed the motion and dated it in January 2007, prior to imposition of sentence in the underlying criminal case. (Cv-DE#1). See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). Although it appears from the handwritten date that it was filed in January 2007, this may, in fact, be a scrivenor's error as it was not received by the Clerk until January 2008. Regardless, utilizing either 2007 or 2008 for the filing date makes no difference

5

Timeliness of Motion

The movant claims that his federal §2255 motion was timely filed within one year from the December 2007 Supreme Court decision in <u>Watson v. United States</u>, ___ U.S. ___, 128 S.Ct. 579 (2007)(opinion published December 10, 2007). In <u>Watson</u>, the Supreme Court held that one does not "use" a firearm under 18 U.S.C. § 924(c)(1)(A) by receiving it in trade for drugs. The movant also relies on the ruling in <u>Bailey v. United States</u>, 516 U.S. 137 (1995). Both <u>Watson</u> and <u>Bailey</u>, although addressing the language of §924(c)(1)(A), focus only on that portion of said statute regarding use of a firearm, one of the statute's prongs. Thus, these decisions have no effect on the movant's §924(c) conviction and sentence. <u>See</u> <u>c.f.</u>, <u>United States v. Tannenbaum</u>, 148 F.3d 1263-64 (11th Cir. 1998)(<u>Bailey</u> did not affect the carry prong of §924(c) offenses).

An examination of §924(C)(1)(A) reveals that it is set forth in the disjunctive. Said statute permits the charging of a violation against anyone who "[d]uring and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punished if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--(i) be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. §924(c)(1)(A); <u>Smith v. United States</u>, 508 U.S. 223, 227-28 (1993). The government is not required to prove both using and carrying, the statute requires either use or carry.

---

as the motion is not timely filed even if the court utilizes the 2007 date as the filing date.

6

Untied States v. Chirinos, 112 F.3d 1089, 1095 (11th Cir. 1997).

As will be recalled, the movant was charged with and pleaded guilty to knowingly possessing a firearm during and in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A). (Cr-DE#s18,64). It is clear from the record that the movant did not plead guilty to the use of a firearm in the commission of the underlying drug trafficking offense. Thus, the rulings in Watson and Bailey are not applicable to the charge set forth in Count Six.

The movant's argument that Watson controls and therefore this federal petition is timely filed within one year of that decision also fails. First, when a Supreme Court decision results in a "new rule," that rule applies to all criminal cases still pending on direct review. Schiro v. Summerlin, 542 U.S. 348, 351 (2004), citing, Griffith v. Kentucky, 479 U.S. 314 (1987). While a new substantive rule that interprets and narrows the scope of a criminal statute generally applies retroactively,[3] "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." United States v. Timmreck, 441 U.S. 780, 784 (1979). Although a defendant might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act. McMann v. Richardson, 397 U.S. 759, 774 (1970).

In this case, the movant's plea was knowing and voluntary. The movant was advised on the law as it was understood before the

---

[3]Bousley v. United States, 532 U.S. 614, 620-21 (1998).

Supreme Court's 2007 Watson decision. Generally, counsel is not ineffective for failing to anticipate future changes in the law; and is not required to be clairvoyant. United States v. Cook, 461 F.2d 530, 532 (5th Cir. 1972); United States v. Ardley, 273 F.3d 991 (11th Cir.2001)(denial of suggestion for rehearing en banc)(our circuit law completely forecloses the contention that an attorney's failure to anticipate the Apprendi decision is ineffective assistance); Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir.1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.' "). Thus, the movant's generalized arguments relating to counsel's effectiveness in this regard must fail. Counsel was not ineffective for failing to foresee the development in the law, which was contrary to then established Eleventh Circuit precedent.

While it appears that the Watson holding must be applied retroactively on habeas review, because it held that "a substantive federal criminal statute does not reach certain conduct," Watson is inapposite to this case because it addresses "use" of a firearm,[4] not possession. See United States v. Wint, 261 Fed.Appx. 340, 342 (2d Cir. 2008) (applying 4-level enhancement for possession of firearm, distinguishing Watson); United States v. Winfrey, 266 Fed.Appx. 651, 652-53 (9th Cir. 2008)(remanding for determination of possession, after considering Watson). Thus, the movant cannot utilize Watson in order to circumvent the AEDPA's one-year limitations period. This federal petition is therefore time-barred.

Notwithstanding the untimeliness of this federal petition, the claim also fails on the merits. First, the law is clear that "[a] central and obvious concept inherent in the physical meaning of the

---

[4] See Bousley v. United States, 523 U.S. 614, 620-21 (1998)(holding that Bailey v. United States, 516 U.S. 137 (1995), the decision reinterpreting "use" in §924(c), applied retroactively on habeas review).

8

word carry is that of some degree of physical transportation or movement." United States v. Diaz-Boyzo, 432 F.3d 1264, 1270 (11th Cir. 2005); United States v. Mount, 161 F.3d 675, 679 (11th Cir. 1998). A defendant carries a firearm if it is carried directly on his person or carried in his vehicle. Muscarello v. United States, 524 U.S. 125, 131 (1998); United States v. Frye, 402 F.3d 1123, 1128 (11th Cir. 2005).

In United States v. Young, 131 F.3d 1437, 1438 (11th Cir. 1997), the defendant had three guns in his car while he transported drugs for possible sale, but not sale was in progress or even imminent when the defendant was arrested and the guns found. The Eleventh Circuit he that the jury "could reasonably link the vehicle and the guns to the drug trafficking activity in order to satisfy the 'carrying' prong of the statute even though there is no direct evidence of a sale in progress or one that is imminent." Id. at 1439; see also, United States v. Chirinos, 112 F.3d 1089, 1095-96 (11th Cir. 1997) (finding evidence insufficient to show use, but sufficient to establish carrying where the defendant had two weapons under the seat of the car when he drove to an airstrip to steal cocaine).

Here, the firearm was found in the trunk of the car driven to the scheduled meeting where the drug rip-off was to occur. There was sufficient evidence to establish carrying the firearm. Moreover, the evidence was sufficient to establish the "in relation to" element. The Supreme Court has stated that "[t]he phrase 'in relation to' ... at a minimum clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." Smith, 508 U.S. at 238. "The gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense." Id. at 238 (citations and internal

9

punctuation omitted). The movant in this case pled guilty to conspiracy to possess with intent to distribute cocaine. The firearm was to be used to obtain the drugs by robbing a drug stash house. Thus, there was sufficient evidence to support that the firearm could facilitate the distribution of the drugs. Accordingly, the conviction for carrying a firearm under §924(c)(1)(A) was proper. See Diaz-Boyzo, 432 F.3d at 1270-71.

In **claim two**, the movant asserts that he is actually innocent of the offense of felon in possession of a firearm and ammunition. (Cv-DE#3:7-8).

A habeas petitioner attempting to establish "actual innocence" must meet a high standard. Bousley v. United States, 523 U.S. 614 (1998). He must demonstrate that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, supra at 623, quoting, Schlup v. Delo, 513 U.S. 298, 327-328 (1995). The Court emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id. See also High v. Head, 209 F.3d 1257 (11 Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039(8 Cir.2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2 Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States,153 F.3d 1305 (11 Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. Id. at 316. No such showing has been made in this

collateral proceeding. As previously narrated in this Report, the stipulated facts adduced at the change of plea proceedings supports the movant's conviction of the §924(c), possession of a firearm offense.

Finally, the movant's request for an evidentiary hearing on should also be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this Report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

## Conclusion

It is therefore recommended that this motion to vacate sentence be dismissed as time-barred, and alternatively denied on the merits.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 22nd day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Nicky Martinez, Pro Se
      Reg. No. 70766-004
      F.C.I._- Talladega
      P.M.B. 1000
      Talladega, AL 35160

11

Marlene Rodriguez, AUSA
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132

12